IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ROY MCNEIL,

      Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

      Defendant.
_____/

No. 2:08-cv-02432 MCE KJN PS

FINDINGS AND RECOMMENDATIONS

      Presently before the court is defendant's motion to dismiss plaintiff's compliant on the ground that the court lacks subject matter jurisdiction because plaintiff has failed to establish that the United States has waived its sovereign immunity as to plaintiff's claim for a tax refund.[1] (Dkt. No. 19.) Plaintiff, who is proceeding without counsel and in forma pauperis, did not file an opposition to defendant's motion to dismiss. This matter was submitted on the briefs and record on December 3, 2009. (Dkt. No. 22.) For the reasons stated below, the undersigned recommends that defendant's motion be granted and that plaintiff's complaint be dismissed.

I.     BACKGROUND

      On October 14, 2008, plaintiff James Roy McNeil filed his complaint in this

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 24).

action seeking a federal tax refund (Dkt. No. 1).[2]  Plaintiff alleges that from January 1999 through June 1999, he performed work for a contractor named Steve Relaford at a company named OTTO Services.  (Pl.'s Compl. at 3 (Dkt. No. 1).)  He further alleges that the Internal Revenue Service ("IRS") failed to issue to him a refund of federal taxes that he alleges he overpaid for the 1999 tax year.  (Id.)  Plaintiff also alleges that he complained to the IRS in writing, but that the IRS did not respond to his correspondence.  (Id. at 3.)  Plaintiff demands a monetary award of $3,000.  (Id. at 4.)

Defendant filed the motion to dismiss at issue seeking to dismiss plaintiff's complaint on the ground that the court lacks subject matter jurisdiction because plaintiff has failed to establish that the United States waived its sovereign immunity as to plaintiff's claim.[3]  (Defs.' Notice of Mot. & Mot. to Dismiss at 2 (Dkt. No. 19).)  With its motion, defendant submitted additional evidence: (1) a declaration from IRS Advisory Insolvency Quality Advisor Michael Norris; (2) plaintiff's federal tax return for the year 1999, dated January 27, 2009 (Norris Decl., Ex. 1 at 1-2); and (3) a letter from plaintiff to the IRS, dated January 27, 2009 (Norris Decl., Ex. 1 at 3).[4]

---

[2]  Plaintiff's complaint was filed on a form entitled "Complaint by a Prisoner Under the Civil Rights Act, 42 U.S.C. § 1983."  (Dkt. No. 1 at 1.)  Although plaintiff is currently incarcerated in California State Prison and used this form to allege his claim, plaintiff's complaint alleges that his claim is entirely unrelated to his incarceration.  (Pl.'s Compl. at 2.)  His lawsuit seeks a refund of allegedly overpaid taxes and does not allege any violation of 42 U.S.C. § 1983.

[3]  In its motion to dismiss, defendant contends that although plaintiff named the IRS as a defendant in his complaint, the United States is the proper defendant because plaintiff's requested relief, if granted, would result in a judgment that would expend itself on the public treasury or restrain the federal government from action or interfere with public administration.  (See Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 1 n.1 (citing Dugan v. Rank, 372 U.S. 609, 620 (1963)).)  Defendant is correct that the United States is the proper defendant in an action seeking the recovery of a civil tax refund.  See, e.g., Grossman v. Comm'r of Internal Revenue, 687 F. Supp. 1401, 1402 (N.D. Cal. 1987) (citing 26 U.S.C. 7422(f)(1)), aff'd, 85 F.2d 1289 (9th Cir. 1988).

[4]  Plaintiff's January 27, 2009 letter to the IRS appears to be a cover letter accompanying plaintiff's 1999 tax return that demands an "income tax check" in an unspecified amount.

1 | According to defendant's evidence, on February 3, 2009, the IRS received plaintiff's Form 1040 Individual Tax Return for the 1999 tax year, which was dated January 27, 2009, after plaintiff filed the operative complaint in this action. (Norris Decl. ¶ 3 & Ex. 1 at 2.) The 1999 tax return reports "wages, salaries, tips, etc." in the amount of "320.00 A week"; taxable refunds, credits, or offsets of state and local income taxes in the amount of $124,500; and an Individual Retirement Account distribution of $4,995. (Norris Decl. ¶ 3 & Ex. 1 at 1.) The entry fields for both taxable income and the claimed refund amount are blank. (Id.) Mr. Norris also declared that based on his review of information contained in the IRS's Integrated Data Retrieval System ("IDRS"): (1) plaintiff "had $633.00 in federal taxes withheld for the 1999 tax year," (2) the IRS did not receive a federal tax return or claim for refund for plaintiff for the 1999 tax year aside from plaintiff's February 3, 2009 submission, and (3) there is no IDRS record of federal income tax payments for the 1999 tax year made for plaintiff within three years of the IRS's receipt of plaintiff's February 3, 2009 submission. (Norris Decl. ¶¶ 4-5.)

As stated above, plaintiff did not file an opposition to defendant's motion to dismiss and, thus, has not rebutted or supplemented defendant's evidence.

II. LEGAL STANDARDS

Defendant's motion seeks dismissal of plaintiff's complaint for lack of subject matter jurisdiction on the ground that plaintiff has not established that the United States waived its sovereign immunity as to plaintiff's claim for a tax refund. To confer subject matter jurisdiction in an action against a sovereign, there must exist (1) "statutory authority vesting a district court with subject matter jurisdiction," and (2) "a waiver of sovereign immunity." Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1016 (9th Cir. 2007).[5] Because the

---

(Norris Decl., Ex. 1 at 3.) As with the complaint, the letter states that plaintiff worked for Steve Relaford and Otto Services. (Id.)

[5] Congress has provided statutory authority vesting district courts with subject matter jurisdiction over civil actions for internal-revenue tax refunds, 28 U.S.C. § 1346(a)(1), and

United States is a sovereign, it is immune from suit unless it has expressly waived its immunity and consented to be sued. See Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1087-88 (9th Cir. 2007). The United States Supreme Court has "frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of scope, in favor of the sovereign." Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). Moreover, the waiver cannot be implied, but must be "unequivocally expressed" in the statutory text. Id.; accord Harger v. Dep't of Labor, 569 F.3d 898, 903 (9th Cir. 2009). The party asserting a waiver of sovereign immunity bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress. . . ." Dunn & Black, P.S., 492 F.3d at 1088.

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the district court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (collecting cases), cert. denied, 489 U.S. 1052 (1989); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."). Accordingly, the court may consider the evidence submitted by defendant in support of its motion to dismiss to the extent it aids resolution of this jurisdictional dispute.

III. DISCUSSION

Defendant first argues that plaintiff's complaint should be dismissed as prematurely filed because plaintiff failed to meet the conditions and limitations that Congress placed on the government's waiver of sovereign immunity. (See Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 4-6.) Specifically, defendant asserts that plaintiff's action was

---

defendant does not argue otherwise. Defendant only challenges whether the United States has waived its sovereign immunity in this case.

commenced prematurely because "[p]laintiff first filed his purported claim for refund (his 1999 tax return) on February 3, 2009, after commencing this action." (Id. at 6.)

As noted above, the United States is immune from suit unless it consents to waive its sovereign immunity, and "[t]he terms of the Unites States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) (citing Lehman v. Nakshian, 453 U.S. 156, 160 (1981)). The Supreme Court has held that "[l]ike a waiver of immunity itself, . . . "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Lehman, 453 U.S. at 160-61.

Although 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States with respect to suits seeking recovery of a tax refund, Imperial Plan, Inc. v. United States, 35 F.3d 25, 26 (9th Cir. 1996), that waiver is subject to conditions. One such condition is that "[n]o suit [for refund] . . . shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a); see also United States v. Clintwood Elkhorn Mineral Co., 553 U.S. 1, 128 S. Ct. 1511, 1515 (2008) (citing 26 U.S.C. § 7422(a) and stating that "a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought"). In addition, no suit may proceed under 26 U.S.C. § 7422(a) before the expiration of six months from the date of filing the administrative claim required under Section 7422(a), unless the Secretary renders a decision within that time. See 26 U.S.C. § 6532(a)(1).[6]

---

[6] In its entirety, 26 U.S.C. § 6532(a)(1) states:

(a) Suits by taxpayers for refund.--

(1) General rule.--No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of

Here, plaintiff filed his complaint on October 28, 2008. (Dkt. No. 1.) It was not until February 3, 2009, however, that the IRS received plaintiff's informal demand for a refund, and plaintiff has submitted no other claim for a refund to the IRS. (See Norris Decl. ¶¶ 3-4 & Ex. 1 at 1.) Plaintiff's informal demand consisted of a cover letter and a partially completed tax return for the 1999 tax year, neither of which demanded a specific refund amount. (Norris Decl., ¶ 3 & Ex. 1 at 2-3.) The court makes no finding as to whether plaintiff's February 3, 2009 submission to the IRS constituted a " claim for refund . . . duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). This is because under the plain language of 26 U.S.C. § 7422(a), Plaintiff was required to file an administrative claim with the IRS prior to filing his lawsuit in federal court. He did not. Accordingly, plaintiff filed his complaint prematurely and thus failed to meet one of the conditions of the waiver of sovereign immunity by the United States. As a result, this court lacks subject jurisdiction over plaintiff's complaint.

Because the court concludes that the court lacks subject matter jurisdiction based on plaintiff's failure to meet the conditions of the government's waiver of sovereign immunity, it does not address defendant's alternate argument regarding why the court lacks subject matter jurisdiction over this action. (See Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 6-7.)

IV. CONCLUSION

For the foregoing reasons IT IS HEREBY RECOMMENDED that defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction be granted and that the complaint be dismissed. Although the court would lack subject matter jurisdiction over this

---

> filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

action if this recommendation of dismissal is adopted by the United States District Judge assigned to the case, nothing in these findings and recommendations would preclude plaintiff from filing a timely action for a tax refund that otherwise meets all of the conditions necessary to effect a waiver of the government's sovereign immunity.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE